IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| GOOD'S CONSTRUCTION COMPANY, LLC )<br>D/B/A/ LYNCHBURG ROOFING, )<br> )<br>      Plaintiff       )<br> )<br>v.               )<br> )<br>LAMONT PAYNE D/B/A A PAYNE )<br>REMODELING COMPANY, AND )<br>LYNCHBURG VA ROOFING )<br> )<br>Serve: Lamont Payne )<br>4585 Heather Court )<br>Charlottesville, Virginia 22911 )<br> )<br>Serve: Lamont Payne )<br>8201 Greensboro Drive, Suite 400 )<br>McLean, VA 22102 )<br> )<br>and )<br> )<br>PAYNE ROOFING AND REMODELING LLC )<br>D/B/A A PAYNE REMODELING COMPANY, AND )<br>LYNCHBURG VA ROOFING )<br> )<br>Serve: Payne Roofing and Remodeling, LLC )<br>Registered Agent, Lamont Payne )<br>4585 Heather Court )<br>Charlottesville, Virginia 22911 )<br> )<br>Serve: Payne Roofing and Remodeling, LLC )<br>Registered Agent, Lamont Payne )<br>8201 Greensboro Drive, Suite 400 )<br>McLean, VA 22102 )<br> )<br>      Defendants   )<br> )<br>_____ ) | CIVIL ACTION NO. 6:17CV00011 |

## COMPLAINT

Plaintiff Good's Construction Company, LLC d/b/a Lynchburg Roofing, by counsel, files this Complaint against Defendants Lamont Payne (d/b/a A Payne Remodeling Company, and also as Lynchburg VA Roofing) and Payne Roofing and Remodeling, LLC (d/b/a/ A Payne Remodeling Company, and also as Lynchburg VA Roofing) (collectively "Defendants") and alleges as follows:

## NATURE OF THE CASE

1. This is an action for trademark infringement and unfair competition under The Lanham Act, 15 U.S.C. § 1125(a) and Virginia common law.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Lanham Act claims) and 28 U.S.C. § 1367 (supplemental jurisdiction over pendant state law claim).

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in Lynchburg, Virginia, which is in the Western District of Virginia. Additionally, Defendant Lamont Payne ("Payne") is an individual who resides in Charlottesville, Virginia and does business in Lynchburg, Virginia and is subject to personal jurisdiction in this district, and Defendant Payne Roofing and Remodeling, LLC (the "Payne LLC") is a company doing business in Lynchburg, Virginia and is subject to personal jurisdiction in this District.

## PARTIES

4. Plaintiff Good's Construction Co., LLC d/b/a/Lynchburg Roofing ("Lynchburg Roofing") is a Virginia limited liability company with its principal place of business in

Lynchburg, Virginia.

5. On information and belief, Defendant Payne was the sole member and manager of Defendant Payne LLC and he currently does business as a sole proprietor under the names "A Payne Remodeling Company" and "Lynchburg VA Roofing."

6. The Payne LLC was a Virginia limited liability company with its principal place of business in McLean, Virginia. Records indicate its status as "canceled."

## FACTUAL BACKGROUND

7. Plaintiff Good's Construction Company was formed in December 1999 and filed a fictitious name certificate with the Virginia State Corporation Commission in 2012 to do business as "Lynchburg Roofing."

8. Lynchburg Roofing provides roofing repair and replacement services in and surrounding Lynchburg, Virginia.

9. Lynchburg Roofing has been using the name "Lynchburg Roofing" continually for five years, and has continually marketed its services with the domain name of www.lynchburgroofing.com.

10. In 2016, Lynchburg Roofing served more than 1000 customers and saw revenues approaching $6,000,000,000 (six million dollars).

11. Lynchburg Roofing has expended approximately $190,000 (one hundred ninety thousand dollars) advertising its services as "Lynchburg Roofing."

12. Lynchburg Roofing is well known to the community as "Lynchburg Roofing" and goodwill is associated with the name "Lynchburg Roofing."

13. Lynchburg Roofing has spent years and financial resources developing its brand and the good will associated with it.

14. The name "Lynchburg Roofing" has acquired secondary meaning within the community as the name "Lynchburg Roofing" is associated with the particular business of Plaintiff.

15. Defendants began using the name "Lynchburg VA Roofing" in 2016.

16. Defendants have not registered the name Lynchburg VA Roofing and have not filed a fictitious name certificate to operate under that name.

17. The name "Lynchburg VA Roofing" is confusingly similar to Plaintiff's name "Lynchburg Roofing."

18. Plaintiff's business "Lynchburg Roofing" and Defendants' business "Lynchburg VA Roofing" are engaged in the same business of providing roofing repair and replacement services in the same geographical areas.

19. Lynchburg Roofing and Lynchburg VA Roofing use similar trade channels to market their business and similar advertising.

20. For example, Lynchburg Roofing states on its website that it "provides professional, clean, roofing services in Lynchburg, Roanoke and surrounding areas of Central Virginia." Similarly, the website of Lynchburg VA Roofing indicates that it is a "new roof, roof replacement and roof repair company that serves Lynchburg, VA and surrounding areas such as Timberlake, Rustburg, Bedford, Appomattox, and Lexington."

21. Defendants' use of the name "Lynchburg VA Roofing" is likely to and has in fact caused actual confusion.

22. On multiple occasions, customers have accidentally called Lynchburg VA Roofing in an attempt to reach Lynchburg Roofing.

23. Customers have also called Lynchburg Roofing assuming they were reaching Lynchburg VA Roofing. Customers have called Lynchburg Roofing inquiring about the status of an

estimate. After discussion, Plaintiff has discovered that the customers had asked Lynchburg VA Roofing to provide an estimate, thinking they were dealing with Lynchburg Roofing. When Lynchburg VA Roofing did not provide the estimate, the customers called Lynchburg Roofing inquiring about the estimate. The customers were surprised to learn that they had not been dealing with Lynchburg Roofing. Lynchburg Roofing then provided the estimates and completed the jobs.

24. An internet search of "Lynchburg Roofing" yields results for both Lynchburg Roofing and Lynchburg VA Roofing.

25. A review of Google Maps reviews for Lynchburg VA Roofing shows that many customer reviews refer to Lynchburg Roofing, indicating confusion between the two companies.

26. Lynchburg Roofing, by counsel, sent a cease and desist letter dated November 23, 2016 to Lynchburg VA Roofing, informing Defendants that they were infringing upon the name Lynchburg Roofing.

27. Defendants' refusal to cease and desist using the name Lynchburg VA Roofing, and the corresponding web site of www.lynchburgvaroofing.com, indicates an intent to capitalize on Lynchburg Roofing's good name and reputation.

### COUNT 1
### (Violation of the Lanham Act)

28. Lynchburg Roofing realleges paragraphs 1-27.

29. The purpose of protecting trade names is to prevent subsequent users from infringing established rights and causing confusion in the market place.

30. Accordingly, the Lanham Act protects trademarks and tradenames regardless of whether they are registered.

31. Section 43(a) of the Lanham Act provides in part:

5

> Any person who, on or in connection with any goods or services…uses in commerce any word, term, name, symbol, or device, or any combination thereof…which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person… shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

32. Plaintiff has acquired the exclusive right to use the name Lynchburg Roofing and has acquired the protectable right to use the combination of the words Lynchburg and Roofing.

33. The name "Lynchburg Roofing" has acquired secondary meaning and is entitled to protection under 15 U.S.C. § 1125(a).

34. Defendants are using in commerce the name "Lynchburg VA Roofing" and due to the similarity between "Lynchburg Roofing" and "Lynchburg VA Roofing," Defendants' use of "Lynchburg VA Roofing" is likely to cause and has actually caused confusion in the marketplace.

35. Plaintiff will suffer irreparable harm and damage if Defendants are allowed to continue operating under the name "Lynchburg VA Roofing."

36. As a direct and proximate result of Defendants' use of the name "Lynchburg VA Roofing," plaintiff has suffered damages.

37. Plaintiff is also entitled to a disgorgement of Defendants' profits resulting from his use of the confusingly similar name "Lynchburg VA Roofing."

38. Accordingly, Plaintiff asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. §§ 1116(a), 1117 and 1125(a).

## COUNT 2
**(Violation of common law unfair competition and tradename infringement)**

39. Plaintiff realleges paragraphs 1-38.

40. As a direct and proximate result of Defendants' use of the confusingly similar name "Lynchburg VA Roofing," Plaintiff has suffered damages and is entitled to an injunction, damages and disgorgement of Defendants' profits.

**COUNT 3**
**(INJUNCTIVE RELIEF)**

41. Plaintiff realleges paragraphs 1-40.

42. Plaintiff is likely to succeed on the merits of this case as it has a protectable trademark that Defendants are infringing upon by using a confusingly similar name.

43. Plaintiff is likely to suffer irreparable harm in the absence of a preliminary injunction as its good name and good will is being damaged by Defendants' use of a confusingly similar name.

44. The balance of equities tips in favor of granting a preliminary injunction. Although Plaintiff will suffer irreparable harm, Defendants are not likely to be harmed since they have only been using the confusingly similar name for a year.

45. A preliminary injunction is in the public interest because there is evidence that the public has been actually confused by Defendants' use of a confusingly similar name.

Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

WHEREFORE, Plaintiff asks this Honorable Court to enter an Order against Defendants enjoining them from using the name Lynchburg VA Roofing or any name similar to Lynchburg Roofing and for a Judgment against the Defendants awarding Plaintiff its damages(trebled), the disgorgement of Defendants' profits, and for an award of reasonable attorneys' fees, interest and costs.

A TRIAL BY JURY IS DEMANDED.

*GOOD'S CONSTRUCTION COMPANY,
LLC D/B/A/ LYNCHBURG ROOFING*

By: /s/ G. Edgar Dawson, II
G. Edgar Dawson, III (VSB # 21666)
Amy Miles Kowalski (VSB #38688)
Petty, Livingston, Dawson & Richards, P.C.
725 Church St., Suite 1200
Lynchburg VA 24503
434-846-2768 telephone
434-847-0141 facsimile
edawson@pldrlaw.com
akowalski@pldrlaw.com